*Villegas Rocha v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

EDUARDO VILLEGAS ROCHA, AKA Eduardo Villagas,

> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

19-1793
NAC

---

| | |
|---|---|
| For Petitioner: | Jon Eric Jessen, Law Offices Jon E. Jessen LLC, Stamford, CT. |
| For Respondent: | Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director, Office of Immigration; Jonathan Robbins, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C. |

1

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** in part and **DENIED** in part.

Petitioner Eduardo Villegas Rocha ("Villegas Rocha"), a native and citizen of Mexico, seeks review of a May 22, 2019 decision of the BIA affirming a May 16, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the Convention Against Torture ("CAT"). *In re Eduardo Villegas Rocha,* No. A205-497-373 (B.I.A. May 22, 2019), *aff'g* No. A205-497-373 (Immig. Ct. Hartford May 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history. For the following reasons, we dismiss in part and deny in part Villegas Rocha's petition for review.

\* \* \*

We have considered the IJ's decision as supplemented and modified by the BIA's decision. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA."); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. We review the agency's factual findings for substantial evidence and the agency's legal conclusions *de novo*. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("We review factual findings under the substantial evidence standard, [and] . . . [q]uestions of law, as well as the application of legal principles to undisputed facts, are reviewed *de novo*." (citations and internal quotation marks omitted)). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum

An applicant must apply for asylum "within 1 year after the date of the alien's arrival in the United States" or show "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing." 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's findings regarding timeliness and exceptions to the deadline is limited to "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D). Villegas Rocha's asylum application was untimely filed nearly ten years after he arrived in the United States. He argues that his delay in filing was attributable to the trauma he experienced in Mexico. He does not, however, explain how any error in the BIA's determination to the contrary implicates a constitutional claim or question of law, as required for judicial review. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir. 2006). We thus dismiss the petition as to Villegas Rocha's asylum claim.

## II. Withholding of Removal

An applicant for withholding of removal must establish past persecution or that he is "more likely than not" to be persecuted in the future, 8 C.F.R. § 1208.16(b), on account of a protected ground, namely "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A). Villegas Rocha argues that he is a member of the particular social group of "witnesses to criminal activities by drug traffickers who provide information to law enforcement."

A cognizable social group is one that has "a common immutable characteristic," is "defined with particularity," and is "socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). But Villegas Rocha did not present any evidence that his proposed group is socially distinct. *See id.* ("Although a

persecutor's perception can be indicative of whether society views a group as distinct, a persecutor's perception alone is not enough to establish a cognizable social group."). On this record, the IJ reasonably concluded that Villegas Rocha did not show a sufficient likelihood of future persecution on account of a protected ground.

## III. CAT Relief

CAT relief requires the applicant to show that he would more likely than not be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). Villegas Rocha's CAT claim is based on the same facts as his claim for withholding of removal. It thus also fails because Villegas Rocha did not show a sufficient likelihood of harm. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010). We do not reach Villegas Rocha's arguments regarding government acquiescence to torture because, for CAT claims, the agency's finding regarding the likelihood of torture is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

\* \* \*

For the foregoing reasons, the petition for review is **DISMISSED** in part and **DENIED** in part. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court